UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. : 12-22888-CIV-ALTONAGA/SIMONTON

FRANKY SAINT LOUIS, and other similarly-situated individuals,

        Plaintiff(s),

v.

MILOS BY COSTAS SPILIADIS, INC.,

        Defendant.

**RENEWED JOINT MOTION FOR COURT APPROVAL OF**
**CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

The Parties, by and through their undersigned counsel, and pursuant to this Court's Order dated December 6, 2012, respectfully move this Court for approval of their Settlement Agreement and Release, resolving the matter as set forth therein. In support thereof, the Parties state as follows:

    1.    Plaintiff filed this action on or about August 7, 2012 alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 216(b), as amended ("FLSA"). Specifically, Plaintiff alleged that Defendant did not pay him overtime compensation for all hours worked in excess of 40 hours in one or more workweeks.

    2.    Defendant denies Plaintiff's allegations and its Statement of Claim. Defendant states that Plaintiff was properly compensated for all hours worked during his employment, including those hours worked in excess of 40 hours in a workweek. In support thereof, Defendant produced to Plaintiff time records with their correlating pay records evincing

Plaintiff was properly compensated for all hours worked.[1] Plaintiff did not and does not allege he worked "off the clock"; thus, there is no dispute that Plaintiff was compensated for all hours worked.

3. Notwithstanding the evidence confirming Plaintiff was compensated for all hours worked, Defendant has agreed to enter into a settlement with Plaintiff for the sole purpose of avoiding the costs and uncertainty of litigation. The $216 payable to Plaintiff reflects sixteen (16) hours of unpaid overtime at the rate of $13.50 despite the fact that Plaintiff was properly compensated for all hours. Plaintiff is not receiving liquidated damages as there are no facts evincing willfulness or entitlement thereto. The $1,000 in attorneys' fees and costs compensate Plaintiff's Counsel for the filing fee and service of process, meetings with Plaintiff, preparing the statement of claim, certificate of interested parties, and the complaint, totaling no less than three hours.

4. Moreover, in light of the fact that Plaintiff claims he did not work "off the clock," the case is not complex and there is no need for lengthy discovery because of the short period that Plaintiff worked for Defendant.

5. The Parties have engaged in settlement negotiations, resulting in an accord and satisfaction embodied in the Settlement Agreement and Release the Parties signed, and which the Parties believe and agree represents a fair, reasonable, and adequate settlement of Plaintiff's claims against Defendant.

6. The Settlement Agreement and Release is being submitted to the Court concurrently herewith.

7. The Parties are in agreement that this Court may enter an Order Approving Settlement Agreement, Dismissing Complaint with Prejudice, and Closing Case, in the form

---

[1] Plaintiff clocked in and out using a biometric clock.

attached as Exhibit "A" hereto after scrutinizing the settlement for fairness and approving the settlement. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

WHEREFORE, the Parties respectfully request that this Court: (1) approve the Parties' Settlement Agreement and Release, resolving the matter on the terms set forth therein, and (2) dismiss this case, with prejudice, as requested above but retain jurisdiction for the limited purpose of enforcing the Parties' Settlement Agreement and Release.

Respectfully submitted this 7th day of December 2012.

| | |
|---|---|
| By: s/ Anthony M. Georges-Pierre<br>Anthony M. Georges-Pierre, Esq. (0533637)<br>Email: *agp@rgpattorneys.com*<br>REMER & GEORGES-PIERRE, PLLC<br>44 West Flagler St., Ste. 2200<br>Miami, Florida 33130<br>Telephone: (305) 416-5000<br>Facsimile: (305) 416-5005<br>Attorneys for Plaintiff<br>Franky Saint Louis | By: s/ Jennifer A. Schwartz<br>Jennifer A. Schwartz, Esq, (502431)<br>Email: *Jennifer.schwartz@jacksonlewis.com*<br>Kim M. Lucas, Esq. (012005)<br>Email: *kim.lucas@jacksonlewis.com*<br>JACKSON LEWIS LLP<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 3500<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br>Facsimile: (305) 373-4466<br>Attorneys for Defendant<br>Milos By Costas Spiliadis, Inc. |

CASE NO.: 12-22888-CIV-ALTONAGA/SIMONTON

## CERTIFICATE OF SERVICE

       I hereby certify that on December 7th, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Anthony M. Georges-Pierre*

## SERVICE LIST

FRANKY SAINT LOUIS V. MILOS BY COSTAS SPILIADIS, INC.
CASE NO. : 12-22888-CIV-ALTONAGA/SIMONTON

Anthony M. Georges-Pierre, Esq.
*agp@rgpattorneys.com*
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, Florida 33130
ATTORNEYS FOR PLAINTIFF
Via transmission of Notice of Electronic filing generated by CM/ECF


Jennifer A. Schwartz, Esq.
*Jennifer.schwartz@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-577-7600
Facsimile:   305-373-4466
ATTORNEYS FOR DEFENDANT
Via transmission of Notice of Electronic filing generated by CM/ECF